# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

)
)
)
)
LEROY ALFORD,                                    )
                                                 )
            Plaintiff,                           )        Civil Action No. 22-2856 (RBW)
                                                 )
      v.                                         )
                                                 )
DENIS MCDONOUGH, Secretary of the                )
Department of Veterans Affairs,                  )
                                                 )
            Defendant.                           )
                                                 )

## <u>MEMORANDUM OPINION</u>

The plaintiff, Leroy Alford, proceeding <u>pro se</u>, brings this civil action against the

defendant, Denis McDonough, in his official capacity as the Secretary of the Department of

Veterans Affairs (the "Department"), asserting claims under the Privacy Act and the Freedom of

Information Act (the "FOIA"). <u>See</u> Complaint ("Compl.") at 5–6, ECF No. 1. Currently

pending before the Court is the Plaintiff's Motion to Address Unanswered 2023 Privacy Act

Request ("Pl.'s 2d Mot. to Suppl."). Upon careful consideration of the parties' submissions,[1] the

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Plaintiff's Motion to Supplement ECF N[o]. 29 ("Pl.'s Mot. to Suppl. Brief"), ECF No. 32; (2) the Defendant's Response Opposing Plaintiff's Second Motion to Supplement the Complaint ("Def.'s Opp'n"), ECF No. 39; (3) the Defendant's Opposition to Plaintiff's Request for Discovery, ECF No. 40; (4) the Plaintiff's Response to Defendant's Response Opposing Plaintiff's Second Motion to Supplement the Complaint ("Pl.'s Reply"), ECF No. 44; (5) the Plaintiff's Response to Defendant's Opposition to Plaintiff's Request for Discovery, ECF No. 46; (6) the Plaintiff's Exhibits for 19 July 2024 Hearing, ECF No. 52; (7) Notice of Filing ("Def.'s Notice"), ECF No. 53; (8) Sealed Declaration of Natalie Souza ("Souza Decl."), ECF No. 61; (9) the Plaintiff's First Response Motion for Extension of Time and Reasonable Accom[m]odation, ECF No. 65; (10) the Plaintiff's Supplemental Brief as Directed by the Court ("Pl.'s Sept. 2024 Suppl. Br."), ECF No. 66; and (11) the Defendant's Response to Plaintiff's Supplemental Brief ("Def.'s Suppl. Resp."), ECF No. 67.

Court concludes for the following reasons that it must deny the plaintiff's second motion to supplement his Complaint.[2]

## I.    BACKGROUND

The plaintiff is a "disabled, . . . [twenty-three]-year retired veteran of the Gulf War." Compl. ¶ 2.  On September 20, 2022, the plaintiff filed this suit seeking to compel the defendant's response to three information requests, including a Privacy Act request dated May 10, 2021, and two FOIA requests dated January 31, 2022, and May 16, 2022, respectively. See id. ¶¶ 5, 13.  On February 26, 2024, the plaintiff filed his second motion to supplement his Complaint, seeking to add a FOIA/Privacy Act claim.  See Pl.'s 2d Mot. to Suppl. at 1–2.[3]  The

---

[2] Because the Court ultimately concludes it must deny the plaintiff's second motion to supplement his Complaint, it also must deny without prejudice as moot: (1) the Defendant's Sur-Reply Opposing Second Motion to Supplement, ECF No. 47; (2) the Plaintiff's Motion Requesting Extension of Time to Reply to Defendant's Motion ECF No. 47 and Inform the Court of New Evidence Received from [Antoine] Waller's Staff, ECF No. 49; and (3) the Plaintiff's Motion As[s]erting Agency of Jurisdiction (Baltimore Regional Office) Lacks Jurisdiction to Amend a Ratings Decision on Appeal to the Board of Veterans' Appeals (Board), ECF No. 56.

Also pending before the Court is the plaintiff's renewed motion for discovery.  The plaintiff renewed his motion for discovery, both in a April 29, 2024 response to the defendant's motion for an extension of time to respond to the plaintiff's second motion to supplement his Complaint, see Plaintiff Response to Defendant's Unop[p]osed Motion to Extend Time to Respond to Plaintiff's Second Motion to Supplement the Complaint ("Pl.'s Resp.") at 7, ECF No. 38 ("[The p]laintiff must now ask the Court to grant discovery again."), and at the September 23, 2024 hearing on the plaintiff's second motion to supplement.  "Generally speaking, discovery is rarely appropriate in FOIA cases, and the preferred approach, if possible, is to resolve the lawsuit without discovery and by summary judgment." Pavement Coatings Tech. Council v. U.S. Geological Surv., 995 F.3d 1014, 1024 (D.C. Cir. 2021) (internal citations omitted); see also Bonfilio v. Occupational Safety & Health Admin., 320 F. Supp. 3d 152, 157 (D.D.C. 2018) (stating that "[d]iscovery is strongly disfavored in FOIA cases" and that "[i]t is generally permitted only upon a showing that the agency acted in bad faith").  This principle applies in Privacy Act cases as well.  See Broaddrick v. Exec. Off. of President, 139 F. Supp. 2d 55, 63 (D.D.C. 2001) ("[D]iscovery is not typically a part of FOIA and Privacy Act cases[.]" (citing Goland v. Cent. Intel. Agency, 607 F.2d 339, 352–55 (D.C. Cir. 1978))).  Moreover, "in the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment." Taylor v. Babbitt, 673 F. Supp. 2d 20, 23 (D.D.C. 2009). Here, to the extent the plaintiff's requests for discovery in his April 2024 response or at the September 23, 2024 motion hearing constitute a renewed motion for discovery, the Court will deny his request as premature because the defendant has not yet moved for summary judgment in this case and because the plaintiff has provided nothing more than conclusory statements that the Department has "acted in bad faith."  Bonfilio, 320 F. Supp. 3d at 157.

[3] Additionally, during a motion hearing also held on February 26, 2024, the plaintiff requested the Court's permission to file a supplemental brief in support of his second motion to supplement, which the Court granted.  See Order at 1 (Feb. 27, 2024), ECF No. 30.  The plaintiff then supplemented his supplemental brief but styled it as a motion to supplement his second motion to supplement.  See Pl.'s Mot. to Suppl. Brief at 1.  Because the Court

(continued . . .)

defendant filed his opposition to the plaintiff's second motion to supplement the Complaint on May 2, 2024, see Defendant's Response Opposing Plaintiff's Second Motion to Supplement the Complaint ("Def.'s Opp'n") at 1, ECF No. 39, and the plaintiff filed his reply in support of his motion on May 28, 2024, see Plaintiff's Response to Defendant's Response Opposing Plaintiff's Second Motion to Supplement the Complaint ("Pl.'s Reply") at 1, ECF No. 44.

On July 19, 2024, the parties appeared before the Court for a hearing on the plaintiff's second motion to supplement his Complaint, see Minute Entry (July 19, 2024), during which the defendant argued that the plaintiff's second motion to supplement his Complaint was moot because the defendant had sent the plaintiff a letter dated June 25, 2024, which noted that the Department had corrected the record at issue.  See Transcript of July 19, 2024 Status Conference at 2:19–3:2, ECF No. 62.[4]  The plaintiff contested the defendant's representations regarding the letter and argued for the first time that the Baltimore Regional Office lacked jurisdiction to amend the rating decision because the decision was on appeal to the Board of Veterans Appeals. See id. at 4:7–11 (calling the amended rating decision "fraudulent" and "fake"); id. at 4:18–5:3 (arguing that the Baltimore Regional Office lacked jurisdiction to amend the rating decision). Therefore, following the hearing, the Court ordered the defendant to provide to the plaintiff and the Court a copy of its June 25, 2024 letter, and ordered that, "in the event that the plaintiff seeks to challenge the jurisdiction of the particular office that allegedly amended the August 25, 2023 rating decision," the plaintiff "shall file a supplemental brief explaining the rationale and legal authority for his position[.]"  See Order at 1 (July 19, 2024), ECF No. 51.

(. . . continued)
already granted the plaintiff leave to file his supplemental brief, it will grant in part and deny in part his motion to supplement his second motion to supplement his Complaint.

[4] Defense counsel represented that the Department "issued the plaintiff a letter . . . in April [2024] notifying him that the corrections had been made[] . . . . [but] that April letter attached the wrong benefits decision."  See Transcript of July 19, 2024 Status Conference at 2:19–2:22, ECF No. 62.

After receiving supplemental briefing, on September 23, 2024, the Court held a further hearing on the plaintiff's second motion to supplement his Complaint, during which the plaintiff continued to argue that the agency had not in fact corrected the document at issue, in part because the document submitted by the defendant was allegedly not corrected in compliance with the defendant's rules and regulations.  At the conclusion of the hearing, the Court ordered the plaintiff and defendant to file further supplemental briefing "detailing the agency regulations or rules that the plaintiff alleges the defendant was required to follow in responding to his Privacy Act request, but did not follow."  See Order at 1 (Sept. 24, 2024), ECF No. 64.  The plaintiff submitted his supplemental brief on September 25, 2024, which was filed on September 27, 2024.  See Plaintiff's Supplemental Brief as Directed by the Court ("Pl.'s Sept. 2024 Suppl. Br."), ECF No. 66.[5]  The defendant filed his response to the plaintiff's September 25, 2024 supplemental brief on September 27, 2024.  See Defendant's Response to Plaintiff's Supplemental Brief ("Def.'s Suppl. Resp."), ECF No. 67.

## II.    STANDARD OF REVIEW

### A.    Rule 15(d)

Federal Rule of Civil Procedure 15(d) allows the Court, "[o]n motion and reasonable notice . . . [and] on just terms" to permit a party to serve a supplemental pleading setting forth events that have happened since the filing of its complaint.  Fed. R. Civ. P. 15(d).  "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original

---

[5] The plaintiff also filed several other briefs since the Court's order, at least one of which does not address the question presented by the Court.  See Plaintiff's First Response Motion for Extension of Time and Reasonable Accom[m]odation, ECF No. 65.  The plaintiff also submitted a reply to the government's supplemental brief, based on the apparent misunderstanding that he was required to do so.  See Plaintiff's Final Supplemental Motion Filing at 1; Plaintiff's Motion Notifying the Court of Visit to Emergency Room at 1, ECF No. 68.  However, because the Court ordered the plaintiff to only file a single brief in light of the extensive briefing already conducted on this issue, it will consider only the plaintiff's original supplemental brief in deciding this motion.

complaint or answer was filed[.]" United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002).

"The Rule promote[s] as complete an adjudication of the dispute between the parties as is

possible." Powell v. Internal Revenue Serv., No. 18-cv-2675 (JEB), 2019 WL 4750317, at *2

(D.D.C. Sept. 30, 2019) (internal quotation marks omitted). "It seeks 'to avoid needlessly

remitt[ing] [the] [plaintiffs] to the difficulties of commencing a new action even though events

occurring after the commencement of the original action have made clear the right to relief.'" Id.

(first and third alterations in original) (internal quotation marks omitted) (quoting Scahill v.

District of Columbia, 909 F.3d 1177, 1183 (D.C. Cir. 2018)).

 "Courts typically resolve motions to supplement under Rule 15(d) and motions to amend

under Rule 15(a) via the same standard." Powell, 2019 WL 4750317, at *2. "The key difference

between the two Rules is that amendments 'relate to matters that occurred prior to the filing' of

the pleading to be amended, whereas supplements 'set[ ] forth transactions or occurrences or

events which have happened since' that pleading." Id. (alteration and emphasis in original)

(quoting Hall v. Cent. Intel. Agency, 437 F.3d 94, 100 (D.C. Cir. 2006)). Furthermore,

"supplements [under Rule 15(d)] always require leave of the court." Hall, 437 F.3d at 100.

Although the decision to grant a motion for leave to file a supplemental pleading "is within the

discretion of the district court," Xingru Lin v. District of Columbia, 319 F.R.D. 1, 1 (D.D.C.

2016) (internal quotation marks omitted), such motions should be "freely granted when doing so

will promote the economic and speedy disposition of the entire controversy between the parties,

will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the

other parties to the action[,]" Hall, 437 F.3d at 101 (internal quotation marks omitted). "It is the

opposing party's burden to demonstrate why leave should not be granted." Lannan Found. v.

Gingold, 300 F. Supp. 3d 1, 12 (D.D.C. 2017).

"[M]otions to supplement should be denied where [an] amendment (or supplementation) would be futile." SAI v. Dep't of Homeland Sec., 149 F. Supp. 3d 99, 126 (D.D.C. 2015); see Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that "futility of amendment" is a permissible justification for denying a Rule 15(a) motion). "As is the case when [the] plaintiff seeks leave to amend a complaint, . . . a court may deny a motion to file a supplemental complaint as futile 'if the proposed claim[s] would not survive a motion to dismiss.'" BEG Invs., LLC v. Alberti, 85 F. Supp. 3d 13, 23–24 (D.D.C. 2015) (second alteration in original) (quoting Hettinga v. United States, 677 F. 3d 471, 480 (D.C. Cir. 2012)).

### III.    ANALYSIS

### A.    The Plaintiff's Second Motion to Supplement the Complaint

Currently pending before the Court is the plaintiff's second motion to supplement his Complaint with a claim that the defendant violated the Privacy Act when it refused "to amend and correct [ ] information stored in the [Department's] system of records[,]" Plaintiff's Motion to Supplement ECF N[o]. 29 ("Pl.'s Mot. to Suppl. Brief") at 1, ECF No. 32, as required under 5 U.S.C. § 552a(2)(d) and 38 C.F.R. § 1.579, see id. at 2. More specifically, the plaintiff alleges that the defendant failed and refused "to respond to [his] request for 'Correction of False and Inaccurate Information Cited in Rating Decision' dated [ ] August [25,] 2023." Pl.'s 2d Mot. to Suppl. at 1. The plaintiff states that "[t]he request was sent to Antione Waller and Ms. Kary Charlebois by email on [ ] August [28, ]2023." Pl.'s Mot. to Suppl. Brief at 3. Additionally, because the "[p]laintiff had concerns about the legal sufficiency of his [email] request[,] . . . under the abundance of caution[,] [he] subsequently submitted a signed letter dated [ ] September [14, ]2023[.]" Id. at 4. The plaintiff alleges that the statements in the August 25, 2023 AOJ Rating Decision "are false because there are no 'Private Treatment Records, Neuropsychological

Evaluation, received March 2, 2023 conducted December 15, 2022' in [his] VA medical or Medstar Health medical records." Pl.'s 2d Mot. to Suppl., Exhibit ("Ex.") A (Letter from Leroy Alford to Antione Waller (Sept. 14, 2023) (2023 Privacy Act Request)), at 3, ECF No. 29-1. The defendant argues that the plaintiff's second motion to supplement his Complaint should be denied as futile for two reasons: (1) "this Court lacks jurisdiction over [the p]laintiff's proposed failure to amend claim [under the Privacy Act] because [the p]laintiff did not exhaust the claim at the administrative level[,]" and (2) "because the [Department] has now corrected the records that [the p]laintiff asked to be amended, [the p]laintiff's proposed failure to amend claim is moot." Def.'s Opp'n at 2.

The Court will first address the defendant's exhaustion argument. Because the Court ultimately concludes that the plaintiff did not exhaust his claim at the administrative level, the Court need not address whether his claim is moot in light of the Department's corrections to the rating decision.

**1.  Whether the Plaintiff Failed to Exhaust His Administrative Remedies**

The defendant first argues that the plaintiff "did not properly exhaust his failure to amend claim at the administrative level, so the Court lacks jurisdiction to hear such a claim." Def.'s Opp'n at 10. In response, the plaintiff maintains his argument that the defendant's "refusal to amend [the p]laintiff's records as requested constitutes [a] Privacy Act . . . violation[.]" Pl.'s Sept. 2024 Suppl. Br. at 1. The plaintiff further argues that the Department's "inactions constitute exhaustion." Pl.'s Mot. to Suppl. Brief at 5 (capitalization omitted). Additionally, the plaintiff contends that "an agency's failure to comply with its own regulations can undercut an exhaustion defense." Id. at 5. Specifically, the plaintiff further argues that the defendant's April 2024 and June 2024 letters, as well as the amendment of the August 2023 rating decision, "do[] not comply with the [Department's] published guidance for amending [v]eteran[s'] records[,]"

i.e., the VA Handbook 6300.4.  Id. at 2–3; see generally Pl.'s Mot. to Suppl. Brief, Ex. B, VA

Handbook 6300.4, Procedures for Processing Requests for Records Subject to the Privacy Act

(2013) ("VA Handbook 6300.4"), ECF No. 32.  The defendant responds that "[b]ecause an

agency's internal handbooks . . . have no binding effect of law on the United States, [the

p]laintiff's [claim] is entirely without merit. Moreover, [the p]laintiff has failed to point to any

provision under the Privacy Act, with which he could allege the [Department] is [non]compliant,

let alone that gives rise to a cause of action on which he could sue."  Def.'s Suppl. Resp. at 1–2.

The defendant further argues that "[t]o the contrary, the [Department] has acted correctly under

the Privacy Act and by its own regulations by amending [the p]laintiff's records as requested and

consistent with the procedures for review set by the office having jurisdiction over the

records[.]"  Id. at 2 (citations omitted).  The defendant further argues that "constructive

exhaustion . . . is not a route to exhaustion under the Privacy Act."  Def.'s Opp'n at 10–11.

"The Privacy Act contemplates a two-step process for an individual who seeks to amend

his or her agency records."  Leighton v. Cent. Intel. Agency, 412 F. Supp. 2d 30, 34 (D.D.C.

2006).  First, under § 552a(d)(2), "[e]ach agency that maintains a system of records

shall . . . permit [any] individual to request amendment of a record pertaining to him[.]"

5 U.S.C. § 522a(d)(2).  When an individual requests an agency amend a record that pertains to

him, the agency shall "acknowledge in writing" receipt of such request by "no[] later than [ten]

[business] days . . . after the receipt of such request[.]"  Id.  The agency must then "promptly,

either . . . make any correction of any portion thereof which the individual believes is not

accurate, relevant, timely, or complete[,] or . . . inform the individual of [the agency's] refusal to

amend the record in accordance with his request[.]"  Id.  The Department's regulations governing

amendment of records indicate that the Department "will complete the review to amend or

8

correct a record as soon as reasonably possible, normally within [thirty] days from the receipt of the request . . . unless unusual circumstances preclude completing action within that time." 38 C.F.R. § 1.579(a).

Second, under § 552a(d)(3), if the agency refuses a request to amend an individual's record pertaining to that individual, the individual can "request a review of such refusal[.]" Id. § 552a(d)(3). The agency then has thirty business days to "complete such review and make a final determination unless, for good cause shown, the head of the agency extends such [thirty]-day period[.]" Id. If "the reviewing official also refuses to amend the record in accordance with the request, [the agency must] permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination[.]" Id.

"Only after following this two-step process may an individual seek judicial review." Wilson v. James, 139 F. Supp. 3d 410, 435 (D.D.C. 2015); see also Otero v. Dep't of Just., 292 F. Supp. 3d 245, 252 ("Where a plaintiff alleges a violation of the Privacy Act's amendment provision, see 5 U.S.C § 552a(d)(2), he is required to exhaust his administrative remedies prior to filing a civil action, see id. § 552a(g)(1)(A)[.]"). The judicial review provision of the statute provides that "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction" when, inter alia, the agency "makes a determination under subsection (d)(3) . . . not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection[,]" 5 U.S.C. § 552a(g)(1)(A), or "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual," id. § 552a(g)(1)(D).

Several members of this Court have concluded that "[f]ailure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency because exhaustion is required by statute." Barry v. Haaland, No. 19-cv-3380 (DLF), 2021 WL 1177798, at *7 (D.D.C. Mar. 29, 2021) (Friedrich, J.) (quoting Barouch v. U.S. Dep't of Just., 962 F. Supp. 3d 30, 67 (D.D.C. 2013) (Berman Jackson, J.)); see, e.g., Sandoval v. U.S. Dep't of Just., 296 F. Supp. 3d 1, 13 (D.D.C. 2017) (Berman Jackson, J.) ("[T]he exhaustion requirement under the Privacy Act is jurisdictional[.]"); Stein v. U.S. Sec. & Exch. Comm'n, 266 F. Supp. 3d 326, 336 (D.D.C. 2017) (Bates, J.) ("Privacy Act claims are subject to an administrative exhaustion requirement—and exhaustion under the Privacy Act is a jurisdictional requirement."); Kursar v. Transp. Sec. Admin., 581 F. Supp. 2d 7, 18 (D.D.C. 2008) (Walton, J.) ("In a Privacy Act case, exhaustion is an express statutory prerequisite to the exercise of jurisdiction by a federal court[.]"); Mulhern v. Gates, 525 F. Supp. 2d 174, 183 (D.D.C. 2007) (Friedman, J.) ("Premature Privacy Act suits [for improperly withheld documents] are dismissed for lack of subject matter jurisdiction."). But see Bain v. Off. of Att'y Gen., 648 F. Supp. 3d 19, 41–42 (D.D.C. 2022) (Moss, J.) (stating that "[m]any judges in this district have read § 552a(g)(1) to create a jurisdictional exhaustion requirement" but "[d]eclining to dub Privacy Act exhaustion jurisdictional . . . in light of the language of § 552a(g)(1)(A), which does not contain the type of 'clear, unequivocal' statement 'that the judiciary is barred from hearing an action unless the administrative agency has come to a decision' that is usually necessary to establish a jurisdictional requirement" (quoting Avocado Plus Inc. v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004))).

Moreover, "while it is true that [the] FOIA recognizes a constructive exhaustion doctrine for purposes of judicial review, the Privacy Act does not." Haleem v. U.S. Dep't of Def., No. 23-cv-1471 (JEB), 2024 WL 230289, at *6 (D.D.C. Jan. 22, 2024) (internal citation and

quotation marks omitted); see also Kearns v. Fed. Aviation Admin., 312 F. Supp. 3d 97, 107 (D.D.C. 2018) (noting that "the law is clear that . . . [constructive] exhaustion is not available under the [Privacy Act]").  Rather, the District of Columbia Circuit has held that the Privacy Act "provides no exemption from administrative review when an agency fails, even by several months, to abide by a deadline, and none is reasonably implied."  Dickson v. Off. of Pers. Mgmt., 828 F.2d 32, 40 (D.C. Cir. 1987).

Here, the defendant argues that it has properly responded to the plaintiff's Privacy Act request; the plaintiff, nonetheless maintains that the defendant has not done so.  However, the Court need not address whether the VA Handbook obligates the defendant to carry out particular procedures in responding to Privacy Act requests beyond what the regulations themselves say, because to the extent that the plaintiff maintains that the Department has failed to act on his request, the plaintiff does not allege that he sought any administrative review of any refusal by the Department to make the corrections included in his amendment request pursuant to § 552a(d)(3).  See generally Pl.'s 2d Mot. to Suppl.; Pl.'s Mot. to Suppl. Brief; Pl.'s Reply.[6] Thus, the Court concludes the plaintiff has not exhausted his administrative remedies under the Privacy Act because he has not completed the second step of the process for seeking an amendment to agency records.  See 5 U.S.C. § 552a(d)(3); Leighton, 412 F. Supp. 2d at 34 ("Second, under §552a(d)(3), if the agency refuses to amend the records, the party may obtain review of this decision by an agency official.").  Additionally, although the plaintiff argues that

---

[6] The plaintiff, in a footnote in his September 2024 supplemental brief, notes that he "attempted to contact[] agency counsel to try to address these anomalies before filing this motion[,]" and that he also called James Humphrey, the FOIA officer who responded to the plaintiff's Privacy Act request in the April 2024 and June 2024 letters, but "[Humphrey] did not return [the p]laintiff's calls or email."  Pl.'s Sept. 2024 Suppl Br. at 3 n.1. It is unclear whether "this motion" refers to the plaintiff's second motion to supplement his complaint, or rather the plaintiff's September 2024 supplemental brief, but in any event, there is nothing in the record to suggest that this attempted outreach constituted an official request for review under § 552a(d)(3), nor that the agency refused such a request.

11

the Department's "inactions constitute exhaustion[,]" Pl.'s Mot. to Suppl. Brief at 5,

"[constructive] exhaustion is not available under the [Privacy Act,]" Kearns, 312 F. Supp. 3d at

107. Accordingly, because "[f]ailure to exhaust administrative remedies under the Privacy Act is

a jurisdictional deficiency[,]" Barry, 2021 WL 1177798, at *7, the Court concludes that it must

deny the plaintiff's second motion to supplement as futile, as the Court would lack subject-

matter jurisdiction over the claim the plaintiff seeks to add to his Complaint.

### IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it must deny the plaintiff's second

motion to supplement his Complaint.

**SO ORDERED** this 30th day of September, 2024.[7]

REGGIE B. WALTON
United States District Judge

---

[7] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.