UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEROY ALFORD,

        Plaintiff,

    v.
DENIS McDONOUGH,
Secretary of Veterans Affairs,

        Defendant.

Civil Action No. 22-2856 (RBW)

**DEFENDANT'S RESPONSE OPPOSING PLAINTIFF'S SECOND
MOTION TO SUPPLEMENT THE COMPLAINT**

Defendant Denis McDonough, in his official capacity as Secretary of Veterans Affairs, through undersigned counsel, respectfully files this response opposing Plaintiff's Third Motion to Supplement the Complaint (hereinafter "third motion to supplement") in this Freedom of Information Act ("FOIA") and Privacy Act matter. *See* 3d Mot. to Suppl. Compl., ECF No. 72. Plaintiff's third motion to supplement seeks to add yet another unexhausted Privacy Act claim related to an amendment of records request that Plaintiff submitted to the Department on July 15, 2024. *See* ECF No. 72-1 at 10–16.  But as this Court just held, a failure to exhaust a Privacy Act claim is a jurisdictional bar on which leave to supplement must be denied. *See* Mem. Op. at 10–11, ECF No. 70. Alternatively, Plaintiff has failed to plead any facts on which relief by any other means under the Privacy Act could be brought. Thus, the Court must deny Plaintiff's third motion for leave to add a claim related to Plaintiff's July 15, 2024 request, over which this Court lacks jurisdiction and is futile.

**BACKGROUND**

For the sake of brevity, Defendant respectfully refers the Court to the Court's September 30, 2024, Memorandum Opinion and Defendant's previous filings for the procedural and factual background of this case. *See* Mem. Op. at 2–4, ECF No. 70; *see e.g.* Resp. Opp.'s Pl's 2d Mot. to Suppl., at 2–4, ECF No. 39. This brief, therefore, only briefly summarizes this background as follows.

Over two years ago, on September 20, 2022, Plaintiff sued to compel the Department of Veterans Affairs (the "Department") to respond to a Privacy Act request dated May 10, 2021 and two FOIA requests dated January 31, 2022 and May 16, 2022. *See* Compl., ECF No. 1. As of August 11, 2023, the Department fully complied with its obligations to respond to those three requests and the Department notified the Court that the next step in this case was to set a schedule for summary judgment litigation. *See* Aug. 11, 2023 Joint Status Report. But just three days after that filing, Plaintiff moved for leave to amend his Complaint to compel the release of records responsive to an entirely unrelated August 31, 2023, FOIA and Privacy Act request. *See* 1st Mot. to Suppl, ECF No. 19. On February 26, 2024, the Court granted Plaintiff's request and the August 31, 2023, FOIA and Privacy Act request was added to this case. *See* Mem. Op., ECF No. 30. But in April 2024, the Department completed its response to Plaintiff's August 31, 2023, FOIA and Privacy Act request, rendering the merits of Plaintiff's claims relating to his August 31, 2023, Privacy Act request ripe for summary judgment briefing.

To date, however, the parties have not had an opportunity to brief those claims because Plaintiff moved to add more claims in February 2024 and moved again, for a third time to add more claims in October 2024. Although the Court denied Plaintiff's second motion for leave to supplement on September 30, 2024, Plaintiff's third motion for leave to supplement has ignored the Court's holdings. *See* 3d Mot. to Suppl. Compl., ECF No. 72. Specifically, the Court has held

that, under the Privacy Act, it lacks jurisdiction to hear any proposed Privacy Act claim for which Plaintiff has failed to exhaust administrative remedies. *See* Mem. Op. at 10–11, ECF No. 70. Now again, however, Plaintiff's third motion for leave to amend seeks to add a claim that he has not exhausted at the administrative level.

According to Plaintiff, on July 15, 2024, Plaintiff submitted a letter to the Department's Baltimore Region Benefits Office, requesting "the removal of false information discussed in the subject letters. (Attachment 1)." *See* July 15, 2024 Letter, at 10, ECF No. 72-1. The Department responded to this request on October 24, 2024. Plaintiff, nonetheless, claims that because the Department did not respond within ten days of him submitting this Privacy Act Amendment Request, it has violated the Privacy Act. 3d Mot. to Suppl., at 3, ECF No. 72. He therefore seeks relief for the Department's purported failure to (1) amend an individual's records as requested, 5 U.S.C. § 552a(g)(1)(A); (2) maintain accurate records, the consequence of which has caused an adverse determination, 5 U.S.C. § 522a(g)(1)(C); and (3) comply with any other provision under the Privacy Act, 5 U.S.C. § 522a(g)(1)(C). *See id.* at 2. Plaintiff further claims that he raised this request with the undersigned counsel. *See* Ex. 1, Pl.'s 3d Mot. to Suppl., at 6, ECF No. 72-1.

Once again, however, because Plaintiff has not administratively exhausted his proposed claim, this Court lacks jurisdiction to hear such claim. Likewise, raising the claim with undersigned counsel for Defendant does not absolve Plaintiff's obligation to follow through with admirative exhaustion requirements. Plaintiff has also failed to plead any facts on which relief by any other means under the Privacy Act could be brought. Thus, the Court should deny Plaintiff's third motion to supplement. Furthermore, to move this case forward, the Court should set a summary judgment briefing schedule for the parties to litigate the remaining issues in this case.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Courts typically resolve motions to supplement under Rule 15(d) and motions to amend under Rule 15(a) via the same standard." Mem. Op. at 5, ECF No. 70 (citing *Powell v. Internal Revenue Serv.*, Civ. A. No. 18-2675 (JEB), 2019 WL 4750317, at *2 (D.D.C. Sept. 30, 2019). Thus, a motion to supplement should be denied when a supplementation would be futile. *See id.* (citing *Sai v. Dept' of Homeland Sec.*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015), and *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Likewise, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment" counsels against granting leave to supplement. *Foman*, 371 U.S. at 182; *see also Jones v. Bernanke*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010).

## ARGUMENT

The Privacy Act provides four separate and distinct civil causes of action on which a requester can seek relief. *See* 5 U.S.C. § 552a(g). Plaintiff claims that the Department's failure to timely respond to his July 15, 2023, amendment request implicates three of these causes of action, including a failure to amend records, 5 U.S.C. § 552a(g)(1)(A), a failure to maintain accurate records, the consequences of which result in an adverse determination, 5 U.S.C. § 522a(g)(1)(C), and a failure to comply with any other provision under the Privacy Act, 5 U.S.C. § 522a(g)(1)(C). Because Plaintiff, however, has not pled that he properly exhausted his administrative remedies related to his July 15, 2024, request to amend, this Court has already ruled that it lacks jurisdiction to hear such an unexhausted claim like this. Moreover, Plaintiff fails to plead sufficient facts to establish any other claim for relief.

**I.     Plaintiff Has Failed to Exhaust His Administrative Remedies for His Proposed Claim.**

As this Court has already discussed, "'[t]he Privacy Act contemplates a two-step process for an individual who seeks to amend his or her agency records.'" Mem. Op. at 8, ECF No. 70 (citing *Leighton v. CIA*, 412 F. Supp. 2d 30, 34 (D.D.C. 2006)). When an individual requests an agency amend a record that pertains to him, the agency shall "acknowledge in writing" receipt of such request by "no[] later than [ten] [business] days . . . after the receipt of such request[.]" 5 U.S.C. § 522a(d)(2). Thereafter, the agency must then "promptly, either . . . make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete[,] or . . . inform the individual of [the agency's] refusal to amend the record in accordance with his request[.]" *Id.* If an agency refuses a request to amend an individual's record pertaining to that individual, the individual can request review of that refusal. 5 U.S.C. § 522a(d)(3). An individual, however, must exhaust the above-mentioned administrative remedies before bringing an amendment suit against an agency under subsections (g)(1)(A) of the Privacy Act. Thus, the individual must, at minimum, (1) make an amendment request and (2) request administrative review. 5 U.S.C. §§ 552a(d)(2), (3); *Haase v. Sessions*, 893 F.3d 370, 373 (D.C. Cir. 1990); *see also* Mem. Op. at 9, ECF No. 70 ("'Only after following this two-step process may an individual seek judicial review.'" (citing *Wilson v. James*, 139 F. Supp. 3d 410, 435 (D.D.C. 2015))).

Indeed, only when an agency "'makes a determination under subsection (d)(3) . . . not to amend an individual's record in accordance with his request or fails to make such review [of that determination] in conformity with that subsection,'" Mem. Op. at 9, ECF No. 70 (citing 5 U.S.C. § 552a(g)(1)(A), can the Court hear a failure to amend claim. After all, as this Court has already held, a "'[f]ailure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency[.]'" *Id.* at 10 (citing *Barry Haaland*, Civ A. No. 19-3380 (DLF), 2021 WL 1177798,

at *7 (D.D.C. Mar. 29, 2021) (Friedrich, J.) (quoting *Barouch v. Dep't of Just.*, 962 F. Supp. 3d 30, 67 (D.D.C. 2013) (Berman Jackson, J.))).

Thus, this Court lacks jurisdiction to hear Plaintiff's claim that the Department failed to amend his records pursuant to Plaintiff's July 15, 2024 Privacy Act request because, even though the Department has just issued its determination on that request, Plaintiff has failed to allege that he appealed that determination as he is required to do. *See* 3d Mot. to Supp. at 6, ECF No. 72-1.

Plaintiff claims that the Department is nonetheless liable for failure to amend his records because it failed to timely acknowledge his July 15, 2023 Privacy Act request within ten days of receiving it. *See id* at 5. But a cause of action for failure to amend, as Plaintiff proposed, does not arise simply because an agency does not acknowledge the request within ten days. Although the Privacy Act requires agencies to "acknowledge in writing such receipt" of an amendment request within ten business days, the Act does set a deadline for the agency to respond and only requires an agency to "promptly" make the requested correction or inform the individual of its refusal to amend. 5 U.S.C. § 522a(d)(2). And when construing this requirement, the D.C. Circuit Court has held that an individual is not exempt from exhausting the administrative review step first before filing an amendment suit even "when an agency fails, . . . by several months" to make a correction as requested or inform an individual of the agency's determination to deny such request. *Dickson v. OPM*, 828 F.2d 32, 40-41 (D.C. Cir. 1987) (requiring exhaustion of subsection (d)(3) administrative appeal remedy even when agency did not respond to initial amendment request for 90 days (citing *Nagel v. Dep't of Health, Educ. & Welfare*, 725 F.2d 1438, 1440-41 (D.C. Cir. 1984))).

Moreover, that Department regulations provide that it will "normally" complete its review of any amendment of records request within thirty days from receipt is of no moment because, as

this Court held, it "need not address whether the [Department regulations] obligate[] the defendant to carry out particular procedures in responding to Privacy Act requests beyond what the regulations themselves say, because . . . the plaintiff does not allege that he sought any administrative review of any refusal by the Department to make the corrections included in his amendment request pursuant to § 552a(d)(3)." Mem. Op. at 11, ECF No. 70.

Nor can Plaintiff allege that the Department's purported inaction constitutes constructive exhaustion. As this Court has already ruled, constructive exhaustion is not available under the Privacy Act. *See* Mem. Op. at 10–11, ECF No. 70 (collecting cases).

And as a final matter, Plaintiff alleges that he raised to undersigned counsel's attention the Department's failure to respond to the July 15, 2024, request. *See* Pl.'s Sept. 2024 Supp. Br. at 3 n.1, ECF No. 66. But as this Court has already held, there is nothing in the record to suggest that this attempted outreach constituted an official request for review under section 552a(d)(3), *see* Mem. Op. at 11 n.6, nor could it as Plaintiff's exhaustion requirement is to be submitted to the Department.

Accordingly, because this Court has already clearly held that a"'[f]ailure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency[,]'" Mem. Op. at 12, ECF No. 70 (citing *Barry v. Haaland*, Civ. A. No. 19-3380 (DLF), 2021 WL 1177798, at *7 (D.D.C. Mar. 29, 2021)), "this Court must [again] . . . deny the plaintiff's [third] motion to supplement as futile, as the Court would lack subject-matter jurisdiction over the claim the plaintiff seeks to add to his Complaint." *Id.*

## II.   Plaintiff Has Failed to State a Claim for Any Other Relief under the Privacy Act.

Plaintiff also argues that the Department's failure to timely respond to his July 15, 2024 request to amend implicates other causes of action under the Privacy Act. But aside from this conclusory allegation, Plaintiff fails to plead sufficient facts to state such claims. A pleading that

offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

As Defendant previously explained, the Privacy Act affords a claim for relief when an agency "'fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness, as is necessary, . . . and consequently, a determination is made which is adverse to the individual.'" Def.'s Resp. at 15, ECF No. 39 (citing 5 U.S.C. § 522a(g)(4)). But here, Plaintiff has not alleged that the Department has made any determination on the basis of records, which he claims are incomplete or inaccurate, let alone that such determination caused any adverse harm to Plaintiff. In addition, "to state such claim, the plaintiff must also allege that the agency 'acted intentionally or willfully in failing to maintain accurate records.'" *Id.* (citing *Deters v. U.S. Parole Comm'n,* 85 F.3d 655, 657 (D.C. Cir. 1996)). And as Defendant previously explained, pleading facts to support a showing of "intentional or willful" conduct is a high bar in Privacy Act cases where actions "must be 'so patently egregious and unlawful that anyone undertaking the conduct should have known it was unlawful.'" *Id.* at 16 (citing *Maydak v. United States*, 630 F. 3d 166, 179-83 (D.C. Cir. 2010)). Plaintiff has not alleged any plausible facts to establish that the Department acted intentionally or willfully in failing to maintain accurate records. Thus, the law is clear that Plaintiff's claim for failure to maintain accurate records fails as a matter of law where he has alleged no facts to establish intentional or willful conduct.

Second, to the extent Plaintiff also seeks relief under the catch-all cause of action afforded by the Privacy Act "whenever any agency . . . fails to comply with any other provisions of this section, . . . in such a way to have an adverse effect on an individual," such claim, too, is futile. *See* 5 U.S.C. § 552a(g)(1)(D). Once again, however, Plaintiff does not raise any allegations that

- 7 -

establish that the Department's failure to separately acknowledge or respond to Plaintiff's July 15, 2023 request to amend records caused any "adverse effect" on him. "An individual suffers an 'adverse effect,' if [he] 'satisfies the injury-in-fact and causation requirements of Article III standing.'" *Sieverding v. Dep't of Just.*, 693 F. Supp. 2d 93, 106 (D.D.C. 2010) (citing *Doe v. Chao*, 540 U.S. 614, 624 (2004)). Plaintiff merely alleges that his July 15, 2024 request should have been acknowledged, and that the Department's failure to respond to that request separately, would appear to violate subsection (g)(1)(C), and (g)(1)(D). *See* Ex. 3d Mot. to Supp., at 4, ECF No. 72-1. "Consequently," Plaintiff alleges that that "he suffered mental and physical injuries." *Id.* But again, such conclusory allegations are not sufficient to meet this threshold showing that Plaintiff suffered an injury-in-fact causally tied to any purported violation of the Privacy Act. *See Iqbal*, 556 U.S. at 664 (holding that to state a sufficient claim, it must be 'plausible on its face.'") (citing *Twombly*, 550 U.S. at 570)). Thus, such allegations alone fail to state any injury or damage sufficient to state a claim for relief.

Thus, whatever Privacy Act claims Plaintiff seeks to raise based on his July 15, 2024 request are futile.

*   *   *

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's third motion for leave to supplement his Complaint.

Dated:  October 29, 2024
         Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  _____*Anna D. Walker*_____
    ANNA D. WALKER
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2544

*Attorneys for the United States of America*