UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEROY ALFORD,

        Plaintiff,

        v.

DOUGLAS A. COLLINS, Secretary of
Veterans Affairs,

        Defendant.

Civil Action No. 22-2856 (RBW)

## DECLARATION OF CHRISTIAN F. ELKINGTON, JR.

1. I am the Acting Chief Counsel of the Freedom of Information Act (FOIA)/Privacy Act (PA) Appeals and Litigation Team, within the Information and Administrative Law Group (IALG) of the Office of the General Counsel (OGC) for the U.S. Department of Veterans Affairs (VA), and my office is located in Washington, D.C. I have been employed in this capacity since May 2025.

2. In my capacity as Acting Chief Counsel, and in conjunction with the Deputy Chiefs of the Information and Administrative Law Group, I assist in supervising the handling of FOIA and PA requests, appeals and litigation processed by the Administrative Law Group. I am responsible for, among other things, the supervision and direction of staff attorneys who provide litigation support and assistance to Assistant United States Attorneys and U.S. Department of Justice Civil Division trial attorneys who represent the Department of Veterans Affairs (VA) in lawsuits filed in federal court under the FOIA and the PA.

3. Due to the nature of my official duties, I am familiar with the procedures followed by the Department of Veterans Affairs in responding to requests for information from its records

pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the PA, 5 U.S.C. § 552a, and in defending litigation pursuant to the same. Specifically, I am familiar with the FOIA requests submitted by Plaintiff and the subsequently filed litigation which was referred to my office for litigation assistance.

4. I make the statements herein on the basis of personal knowledge, on information provided to me by others within the OGC IALG and Veterans Benefits Administration (VBA) with knowledge of the records at issue in this case, and on information I acquired in the course of performing my official duties as a supervisory attorney in the OGC IALG.

5. On September 20, 2022, Plaintiff filed the instant action in U.S. District Court for the District of Columbia, alleging that Defendant failed to timely respond to FOIA and Privacy Act requests submitted on January 31, 2022, and May 16, 2022. ECF No. 1 (Compl.). Specifically, Plaintiff submitted a Privacy Act Request on May 10, 2021, as described in the Declaration of Brian Tierney, previously submitted in this civil action. ECF No. 88-2.

6. Plaintiff contends that Defendant has failed to respond to a January 31, 2022, request for information:

[January 31, 2022, Request]

I am writing to request a copy of the document(s) cited below IAW with FOIA laws and 38 C.F.R. Specifically, please famish a copy of an advisory opinion completed by member(s) of your staff. The advisory opinion was requested by the Baltimore Regional Office concerning failure of the VA to process my equitable relief request submitted to your office on 13 March 2018. It is my understanding the requested advisory opinion was completed within the past 60 days. I requested Mr. Antione

2

Waller, Director, Baltimore Regional Office provide me a copy however; I have not received a copy to date.

My VA file can be found under: [redacted] The documents sought are to support ongoing legal appeal action(s) concerning equitable relief request.

a. Please identify the VA employee who completed the advisory opinion.

b. Please provide a copy of advisory opinion.

c. Please provide copy of any supporting materials i.e., background papers, emails, legal opinions, white papers, or position papers that discussed or mention "Leroy Alford" and his equitable relief request.

d. Please provide copy of any emails produced concerning the advisory opinion concerning "Leroy Alford's" equitable relief request.

e. Please provide copy of all emails between employees at the Baltimore Regional Office, National Capital Region Office, the VRE Central Office, or any other VA office or employee discussing or mentioning the equitable relief concerning "Leroy Alford."

f. Please provide a copy of Claimant Employment and Readiness (CER) folder for "Leroy Alford" (electronic or hard copy) established or used or reviewed by the VA employee(s) who completed work on completing the advisory opinion.

7. Plaintiff further contends that Defendant failed to respond to a May 16, 2022, request for information,

[May 16, 2022, Request]

I am writing to request a copy of document(s) cited at attachment 1, in accordance with FOIA laws and 38 C.F.R. Please furnish a copy of any administrative review documentation received by you or your staff for conducting an administrative review

3

for "Leroy Alford SSN XXXXX-1659" from the National Capital Region Benefits Office (NCRBO) officials, on or about 13 May 2022. Specifically, Dr. Nykeisha Moore's email, Attachment 1, explicitly states, "The matters remanded has been addressed by submitting the required document to VR&E Service on May 13, 2022." In light of this declaratory statement, I am submitting this FOIA request.

My VA file can be found under: XXX-XXX-1659.

The documents sought are to support ongoing legal appeal action(s) concerning the improper discontinuance of self-employment services and the deliberate denial of due process rights by the NCRBO personnel.

a. Please provide a copy of "required document to VR&E Service on May 13, 2022," as communicated in Dr. Nykesia Moore email, see attachment 1.

b. Please provide a copy of any transmittal correspondence, memorandum, or emails received by your office, you or any VRE Central Office employee requesting that an administrative review be conducted for Leroy Alford.

Please provide copy of all emails between employees at the Baltimore Regional Office, National Capital Region Office, the VRE Central Office, or any other VA office or employees discussing or mentioning completing, conducting or requesting an administrative review for "Leroy Alford."

8. Subsequent to filing his original Complaint, Plaintiff petitioned the court to allow amendment and supplementation of his Complaint. The Court granted Plaintiff's amendment request and Plaintiff supplemented his original Complaint to include an additional count alleging that Defendant failed to respond to an August 31, 2022, PA request for all of his VA 28-1902(b) forms. *See* ECF No. 20-1 (Proposed Amended Complaint); ECF No. 30 (Order).

9.    A description of the search for records responsive to these requests, along with details setting forth Defendant's release, and determination to withhold in part records responsive to the Plaintiff's request, pursuant to FOIA Exemptions 5 and 6, 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(5) is provided in the declaration of Danielle Hinton, filed at docket entry 88-3 in this matter. That declaration, along with other supporting records, was submitted to the Court on May 23, 2025, with the Defendant's motion for summary judgment. (ECF No. 88).

10. On November 10, 2025, the court issued an order granting in part and denying in part Defendant's motion for summary judgment.  The Court held that Defendant conducted an adequate search for all of Plaintiff's requests. (ECF No. 91, pg 12).  The Court further held that Defendant's withholdings under Exemption 6 were justified. However, the Court opined that some, but not all, of Defendant's witholding under Exemption 5 were appropriate.  (ECF No. 91, pg 13).

11.  Specifically, the court held that "the defendant ha[d] adequately established that the first category of documents, i.e., Documents 0136–0139, 0145–0148, 0217–0220, 0552–0553, 0698–0701, 0713–0716, 0725–0728, 0738–0741, 0786–0789, and 0996–0997, are properly protected from disclosure to the plaintiff by the deliberative process privilege." (ECF No. 91, pg 16-17).  With regard to documents "565, 569, 0574–0575, 0753–0754, 0757–0758, 0578–0579, 0587, 0646–0647, 0753–0754, 0757–0758, and 0987–0988" the court held that it "currently lacks sufficient information to conclude that these records 'reflect the give and take of the deliberative process' in the determination of how to process the plaintiff's FOIA request and his other benefits requests. Pub. Citizen v. Off. Mgmt. & Budget, 598 F.3d 865, 876 (D.C. Cir. 2010)." (ECF No. 91, pg 19). The Court explained that Defendant had "not yet adequately carried its independent burden of establishing foreseeable harm regarding the disclosure of

5

these documents", (ECF 91, pg. 19) nor had Defendant "adequately shown that it complied with its obligation to disclose segregable material," as is required under an Exemption 5 analysis. (ECF No. 91, pg. 24).

12.  With regard to Exemption 6, the court granted Defendant's motion for summary judgment concluding that Defendant "has properly withheld the information at issue pursuant to FOIA Exemption 6…and adequately established the foreseeable harm to the privacy interests of those career agency employees that would be caused by the release of the redacted personal information." (ECF No. 91, pg 22).  Further, in granting Defendant's motion, the court ruled that "defendant has adequately established that he complied with his obligation to release segregable information as to those records produced to the plaintiff with redactions pursuant to FOIA Exemption 6." (ECF No. 91, pg 24).

13.  This Declaration provides additional information supporting Defendant's withholding, in part, of records responsive to the Plaintiff's requests pursuant to FOIA Exemptions 5, 5 U.S.C. § 552(b)(5), and further supports that VA's segregability determinations are also appropriate under FOIA Exemption 5.

**Additional Information Supplied in Defendant's Supplemental _Vaughn_ Index in Response to the Court's November 10, 2025 Order**

14. Based on the Court's order, Defendant provided additional information and explanation within the Supplemental Vaughn index to demonstrate "the nature of the decision making authority vested in the office or person issuing the disputed document(s), and the positions in the chain of command of the parties to the documents" and the role of the participating individual "in the decision-making process or whether these communications reflected their "evaluations, recommendations, discussions and analysis" to their superiors." (ECF No. 91, pg 18).

6

15. Additionally, Defendant provides, in the accompanying Supplemental *Vaughn* Index additional information describing the give and take process at issue within each document and how release of the same would pose a foreseeable harm to the Agency.

16. Lastly, the additional information described in the Supplemental *Vaughn* Index includes additional details regarding Defendant's efforts to review the records for release of any reasonably segregable non-exempt information. This same review process described in the Supplemental *Vaughn* Index was applied to all records containing Exemption 5 withholdings and all records withheld in full under Exemption 5 for purposes of a segregability assessment. A complete description of the segregability assessment performed on each record is included in the Supplemental *Vaguhn* Index provided concurrently with this declaration. In summary, to complete the segregability process for documents implicated by Exemption 5, the VA reviewed the Exemption 5 records, carefully, line by line, to determine whether any nonexempted information could be reasonably segregated and produced. After completing this line-by-line review of all records containing Exemption 5 material, it was determined that, as for documents 565, 569, 0574–0575, 0578, 0578–0579, 0587, 0646–0647, 0753–0754, 0757–0758, and 0987–0988, all portions of these records, which comprise communications, that are both factual and are not inextricably intertwined with evaluations, analysis and deliberative considerations of the authoring employee have been reasonably segregated and provided to the requester and all remaining factual material that has been withheld in part is inextricably intertwined with deliberative material such that releasing it would result in release of a few additional sets of meaningless words and phrases that would not add context to what is already known about this document. It was also determined that for the remaining records listed in the Supplemental *Vaughn* Index, which were withheld in part under Exemption 5, there is no more non-exempt information that could be reasonably segregable;

factual material within those withheld portions is inextricably intertwined with deliberative material such that releasing it would result in release of few additional sets of meaningless words and phrases that would not add context to what is already known about this document.

\* \* \* \* \* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _18_ th day of February 2026.


Christian F. Elkington, Jr.
Acting Chief Counsel
Information and Administrative Law Group
Office of General Counsel
Department of Veterans Affairs

8