UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEROY ALFORD,

   Plaintiff,

  v.

DOUGLAS A. COLLINS, Secretary of
Veterans Affairs,

   Defendant.

Civil Action No. 22-2856 (RBW)

## REPLY IN SUPPORT OF MOTION FOR RENEWED SUMMARY JUDGMENT

Defendant, the Secretary of the Department of Veterans Affairs ("VA" or "Agency"), through undersigned counsel, respectfully submits this Reply in support of Defendant's motion for renewed summary judgment (ECF No. 95) as to the remaining claim in this case arising under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

Plaintiff's Opposition to Defendant's Renewed Summary Judgment Motion, *see* Pl.'s Opp. at ECF No. 99, misunderstands the remaining claim before the Court in the aftermath of the Court's memorandum opinion, Mem. Op., ECF No. 91, which dismissed Plaintiff's Privacy Act claims in their entirety. The only remaining claim at issue in this case concerns the Defendant's assertion of FOIA Exemption 5 as it pertains to a specific set of documents responsive to Plaintiff's FOIA request. *Id.* at 26-27 ("the Court concludes that it must grant in part and deny without prejudice in part the defendant's motion for summary judgment. Specifically, the motion is granted as to. . .(3) the plaintiff's May 2021 Privacy Act request.").  In accordance with the Court's Order (ECF No. 92), Defendant's renewed motion for summary judgment addressed only the application of FOIA Exemption 5 to entries 565, 569, 0574-0575, 0753-0754, 0757-0758, 0578-0579, 0587, 0646-0647, 0753-0754, 0757-0758, and 0987-0988, as well as the foreseeable harm that would arise

from the disclosure of those records and specific information as to the segregability of each document withheld. *See* Min. Order, ECF No. 92 (Nov. 10, 2025). Defendant's renewed motion for summary judgment, which included a supplemental *Vaughn* index and accompanying Elkington Declaration, does just that. *See* Def.'s Mot. at 4-16 (ECF No. 95); Elkington Decl. (ECF No. 95-2); Def.'s Supp. Vaughn (ECF No. 95-3).

Plaintiff's opposition singularly argues that Defendant has applied the incorrect legal framework to evaluate Plaintiff's Privacy Act claims. It is true that Defendant does not evaluate the remaining claims pursuant to the Privacy Act, because none of Plaintiff's Privacy Act claims remain. Plaintiff does not argue that Exemption 5 is inapplicable to the relevant documents or substantively address any of Defendant's assertions that Exemption 5 was properly invoked.

Further, although Plaintiff broadly asserts that summary judgment should be precluded because the facts in this case are in dispute, he does not identify any specific material facts that he contends to be in dispute, provide any citations to the record or cite any evidence controverting the facts as presented by Defendant. *See generally* Pl.'s Opp. Nor does he respond in any substantive manner to Defendant's statement of undisputed facts, as required by Local Rule 7(h). *See* LCvR 7(h) ("the Court may assume that facts identified by the moving party in its statement of materials facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."). Plaintiff's opposition largely consists of Plaintiff's descriptions of his medical conditions, which bear no relevance to the remaining FOIA claim. Pl.'s Opp. at 5-8. The Court should therefore treat the facts contained in Defendant's statement of undisputed material facts as conceded for purposes of ruling on Defendant's renewed motion for summary judgment. *See* LCvR 7(h) (providing that "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in is statement of material

facts are admitted, unless such is controverted in the statement of genuine issues filed opposition to the motion").  Because Plaintiff has failed to identify any basis in the record for denying Defendant's renewed motion, the Court should grant judgment in favor of the Defendant on the Exemption 5 issue.

Lastly, Plaintiff alleges, for the first time, that his due process rights have been violated. *See* Pl.'s Opp. at 3, 6, 7, 9. The Complaint, however, does not contain a due process claim. *See generally* Compl., ECF No. 1. Plaintiff cannot assert a new claim in response to a dispositive motion.  *See Rosa Mexicano, D.C., LLC*, 496 F.Supp.2d 93, 97 n.3 (D.D.C. 2007) (finding that a plaintiff may not, "through summary judgment briefs, raise [] new claims . . . because [the] plaintiff did not raise them in his complaint"); *see also Schmidt v. U.S.*, 749 F.3d 1064, 1069 (D.C. Cir. 2014) ("'Rule 15(a) – even as liberally construed – applies only when the plaintiff actually has moved for leave to amend the complaint[.]'") The Court should decline to consider Plaintiff's due process claim raised at this late stage.

As described at length in Defendant's renewed motion for summary judgment, the undisputed record demonstrates that the VA properly applied Exemption 5 to withhold emails and communications protected by the deliberative process privilege and that all non-exempt information that was reasonably segregable was produced, such that no further disclosure of information could be made without triggering foreseeable harm to the interests protected by Exemption 5. *See* Def.'s Mot. at 4-16. The VA has carried its burden and should therefore prevail on summary judgment.

**CONCLUSION**

For the reasons set forth above, and in Defendant's Renewed Motion for Summary Judgment, Defendant respectfully requests that its motion be granted and that this action be dismissed.

Dated:  June 22, 2026                                     Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Tara Derbisz*
    TARA DERBISZ, D.C. Bar #252597
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 809-0784

*Attorneys for the United States of America*

- 5 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 22, 2026, the foregoing was caused to be served on Plaintiff via first class mail and email to:

LEROY ALFORD
6404 CARRICK PLACE
TEMPLE HILLS, MD 20748
lerfamily@aol.com

By: /s/ Tara Derbisz
TARA DERBISZ
Assistant United States Attorney